UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE BOUYEA,                         :
                                      :
        Petitioner                    :
                                      :
    v.                                : CIVIL NO. 3:CV-14-2388
                                      :
JUAN BALTAZAR,                        : (Judge Kosik)
                                      :
        Respondent                    :

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Petitioner, Wayne Bouyea, at the time an inmate confined at the Allenwood Low Security Correctional Institution, Pennsylvania.[1]  The petition has been given preliminary consideration and, for the reasons discussed below, will be dismissed for lack of jurisdiction. See Rules Governing Section 2254 Cases, Rule 4.[2]

---

[1] Petitioner is now housed at the Federal Correctional Institution at Fort Dix, New Jersey. As such, his pending motion to stay at Allenwood pending disposition of the instant petition (Doc. 4) will be denied as moot.

[2] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, habeas corpus petitions must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although the instant petition is governed by 28 U.S.C. § 2241, the court may apply the 28 U.S.C. § 2254 Rules "to a habeas corpus petition not covered by Rule 1(a)" of the § 2254 rules. See Rule 1(b) of the rules Governing Section 2254 Cases.

**I.     Background**

In reviewing the petition[3], and with the assistance of PACER and Westlaw computerized legal research, the following background information has been gathered.[4]  Following a plea of guilty, Petitioner was sentenced on April 12, 2011, in the United States District Court for the Northern District of New York for Interstate Communications-Threats in violation of 18 U.S.C. § 875, and Unlawful Transport of Firearms, etc. in violation of 18 U.S.C. § 922.  He was committed to the Bureau of Prisons to serve a term of 60 months on each of Counts 1-7 and 120 months on Count 8 to be served concurrently, and a 3 year supervised release term on each count to be served concurrently.  A special assessment of $800.00 was also imposed.  His conviction and sentence was affirmed by the Second Circuit Court of Appeals on direct appeal.  See United States v. Bouyea, 479 F. App'x 383, 2012 WL 2549265 (2nd Cir.), cert. denied, ___ U.S.___, 133 S.Ct. 566, 184 L.Ed.2d 368 (2012).

On December 28, 2012, Petitioner challenged his conviction and sentence by filing a motion to correct, vacate or set aside his sentence pursuant to 28 U.S.C. § 2255.  In the motion, he raised ineffective assistance of counsel claims at both the pleading and sentencing stage.  The motion was denied on July 18, 2013.  United States v. Bouyea, 953 F. Supp. 2d 363 (N.D.N.Y. 2013.)

It appears that a second § 2255 motion was subsequently filed in the Second Circuit Court of Appeals within the time to appeal from the denial of Petitioner's first motion.  The Clerk's Office construed the second § 2255 as a notice of appeal, and transferred the matter to the Northern District of New York Court.  The District Court then determined that the second § 2255 motion was

---

[3] Also pending are two motions filed by Petitioner to amend his petition. (Docs. 7, 8.) These motions will be granted only to the extent that in addressing the petition, the court will also consider the arguments set forth by Petitioner in these motions.

[4] See PACER, Public Access to Court Electronic Records, https://pacer.login.uscourts.gov.

successive, and transferred it back to the Court of Appeals.  The Second Circuit found that the district court correctly treated the pleading as a § 2255 motion, but found that it was not successive in that it was not filed subsequent to the conclusion of the first § 2255 proceeding.  At the time Petitioner filed his second § 2255 motion, his time to appeal the denial of his first § 2255 motion had not yet expired.   As such, the proposed § 2255 motion was transferred back to the District Court for whatever further action that court found to be appropriate.  Bouyea v. United States, No. 14-478 (2nd Cir. April 14, 2014).  Thereafter, the District Court considered Petitioner's filing as a motion for reconsideration of the denial of his first § 2255 motion, and denied relief.

On July 10, 2014, another motion to vacate pursuant to § 2255 was filed by Petitioner in the District Court.  Bouyea v. United States, No. 5:14-cv-0884 (N.D.N.Y.).  In the petition, he raised ineffective assistance of counsel claims with respect to plea and sentencing issues.  He claimed that counsel failed to object to the variance from the Guideline Range and argued that he was subjected to an excessive sentence.  In so doing, he made reference to the case of United States v. Booker, 543 U.S. 220, 125 S.Ct. 238 (2005).  He further claims that he was denied due process in violation of the Fifth Amendment.  On July 28, 2014, the District Court transferred Petitioner's filing to the Second Circuit Court of Appeals as a successive petition pursuant to § 2255.  On January 14, 2015, the Second Circuit found that to the extent Petitioner's proposed § 2255 motion would be successive, any request for leave to file a successive  § 2255 motion was denied due to Petitioner's failure to satisfy the requirements of § 2255(h).  To the extent the proposed § 2255 motion would not be successive, the motion would not be transferred back to the District C ourt in that said court had already considered and rejected the claims raised by Petitioner therein.  Bouyea v. United States, No. 14-2747 (2nd Cir. Nov. 13, 2014).

The instant § 2241 petition was filed in this court on December 16, 2014. (Doc. 1.) In the petition, it is clear that Petitioner is challenging his underlying criminal conviction and sentence imposed by the United States District Court for the Northern District of New York. Specifically, he asserts that his counsel was ineffective for advising him to plead guilty to charges that were not adequately investigated and for failing to challenge the incorrect application of the sentencing guidelines by the court. (Doc. 1, Pet. at 6-7; Doc. 1-1.) In support of the sentencing claim, Petitioner cites to the cases of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). (Doc. 1-1 at 5.)

He claims that a motion pursuant to § 2255 is inadequate because "[t]he district court stated that my substantial rights to due process of my Sixth Amendment to the effective assistance of counsel was not violated and refused to hold an evidentiary hearing on counsel performance." (Doc. 1, Pet. at 5.)

**II.     Discussion**

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). Section 22555(e) provides that:

> An application for a writ of habeas corpus [pursuant to § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). To that end, the Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can

challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)(citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). This safety valve language in Section 2255(e) has been strictly construed. See Application of Galante, 437 F.2d 1164, 1165-66 (3d Cir. 1971)(concluding that unfavorable legal standards in circuit where sentencing court was located do not render Section 2255 remedy inadequate or ineffective); Millan-Diaz v. Parker, 444 F.2d 95, 97 (3d Cir. 1971)(concluding that doubts about the administration of a Section 2255 motion in particular do not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)(holding that even if the sentencing court incorrectly disposes of a proper motion under Section 2255, the appropriate remedy is an appeal of that decision and not a habeas corpus petition).

Importantly, Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief. Dorsainvil, 119 F.3d at 251. Nor do legislative limitations like statutes of limitation or gatekeeping provisions render the Section 2255 remedy inadequate or ineffective so as to authorize pursuit of a habeas petition in this court. See, e.g., Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 19 F.3d at 251. Rather, only when a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained on conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision" is Section 2255 "ineffective" for purposes of providing collateral relief. Dorsainvil, 119 F.3d at 251-52 (recognizing

that the exception could apply where an intervening change in the law decriminalized the conduct for which the petitioner had been convicted).

In seeking to overcome these Section 2241 barriers, Petitioner contends that in previously pursuing § 2255 relief, the district court has found that his Sixth Amendment right to effective assistance of counsel was not violated, and refused to conduct an evidentiary hearing with respect to the issue of counsel's performance. (Doc. 1 at 5.) As relief, he requests that an evidentiary hearing be conducted with respect to his Fifth and Sixth Amendment rights and that the matter be remanded to the Northern District of New York Court for re-sentencing. (Id. at 8.)

Petitioner's argument as to why the remedy available pursuant to Section 2255 is "inadequate or ineffective" to address his challenges to his federal sentence is unavailing. Petitioner does not assert that he is actually innocent of his underlying conviction. Instead, he contends that his counsel was ineffective for failing to challenge the court's improper calculation of his sentence under the sentencing guidelines and for advising him to plead guilty without investigating his case. He further challenges his sentence as excessive.

The Third Circuit Court of Appeals has regularly held that the challenges of federal inmates attacking sentence enhancements cannot be raised by means of a Section 2241 petition and that a district court has no Section 2241 jurisdiction to reexamine or second guess the decision of the federal sentencing court. See, e.g., Mikell v. Recktenwald, 545 F. App'x 82 (3d Cir. 2013)(petitioner made no allegation that he was actually innocent of the drug crime for which he was convicted, he asserted only that he was innocent of being a career offender and that his sentence was improper, thus the Dorsainvil exception was inapplicable and relief under Section 2241 was not available); Rhines v. Holt, 434 F. App'x 67 (3d Cir. 2011)(affirming dismissal of Section 2241

6

petition for lack of jurisdiction where petitioner argues that he was "actually innocent" of the sentencing enhancement applied to him); Sorrell v. Bledsoe, 437 F. App'x 94 (3d Cir. 2011)(the exception created in Dorsainvil does not apply where the claim is that the prisoner's sentence was improperly calculated).  Thus, Petitioner's sentencing claim is not the type of claim that a federal prisoner may bring by way of a Section 2241 habeas petition.

As stated in Dorsainvil, the Third Circuit held that Section 2241 relief is available where a subsequent statutory interpretation renders a petitioner's conduct for which he was convicted no longer criminal.  Dorsainvil, 119 F.3d at 251-52; see also Okereke, 307 F.3d at 120 (holding that relief under Section 2241 is only available in "rare situations" where the crime of conviction is later deemed non-criminal).  Section 2241 is not available for intervening changes in the law of sentencing.  Id.  In other words, if a subsequent change in the law alters only an element of sentencing but not the underlying crime of conviction, Section 2241 offers no remedy.  See Okereke, 307 F.3d at 120.  In the instant case, Petitioner does not allege that the crime for which he was convicted has been rendered non-criminal.  Rather, he challenges the sentence imposed and the effectiveness of his counsel during the plea and sentencing stages of the proceedings. Accordingly, the limited Dorsainvil exception is inapplicable, and Section 2241 relief is not available.  See Okereke, 307 F.3d at 120 (distinguishing Dorsainvil and dismissing habeas petition for lack of jurisdiction when subsequent statutory interpretation altered an element of sentencing but not the petitioner's conviction).

Moreover, to the extent that Petitioner argues that he is entitled to re-sentencing pursuant to United States v. Booker, 543 U.S. 220 (2005) and Apprendi v. New Jersey, 530 U.S. 466 (2000), this argument is likewise unconvincing.  Booker evolved from the Supreme Court's decision in

7

Apprendi, wherein the Court determined that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490.  In Booker, the Supreme Court determined that the mandatory enhancement of a sentence under the Guidelines, based on facts not found by a jury, violates the Sixth Amendment.  Booker, 543 U.S. 220.  However, the Third Circuit has repeatedly and uniformly held that habeas claims based on Apprendi and Booker do not present the "rare" cases in which a Section 2255 motion is inadequate or ineffective because Apprendi and Booker did not decriminalize any conduct, but dealt only with sentencing procedure. See, e.g., Day v. Samuels, 263 F. App'x 246, 247-48 (3d Cir. 2008); Schweitzer v. United States, 215 F. App'x 120, 122 (3d Cir. 2007); Hazard v. Samuels, 206 F. App'x 234, 236 (3d Cir. 2006).

  Further, Petitioner admits that he has filed previous § 2255 motions in the sentencing court, thereby evidencing that his remedy by way a motion under § 2255 is not unavailable or inadequate.  In fact, it is clear that he has raised the claims contained in the instant habeas petition in the § 2255 motions he has filed, and that they have been rejected by the sentencing court.  Although his motions may have been unsuccessful, this fact does not open the federal court door for the purpose of pursuing § 2241 habeas relief.  Petitioner cannot seek further relief in this court merely because his § 2255 motion did not afford him relief.  To the extent that any of Petitioner's claims were not raised in the sentencing court, they clearly could have been raised when Petitioner sought § 2255 relief.

  Petitioner has failed to show that Section 2255 is inadequate or ineffective to challenge his conviction and sentence.  Consequently, the instant § 2241 petition will be dismissed for lack of jurisdiction.  An appropriate order follows.